Greetings from Cedar Rapids. Pleasure to be in front of you this morning. The case that I'm representing Ms. Samuels- I can barely hear you. The case that I'm here this morning is an immigration case with an unusual slant to it. The defendant, Ms. Samuels, was married to a foreign-born man some 19 years ago, in which she filed a petition for that ex-husband to get a green card. The petition was approved, however, the couple divorced, and the ex-husband never received a visa or green card from that marriage. Now fast forward 18 years. Ms. Samuels has married her fourth marriage to a gentleman from Jamaica. 18 years later, she files a petition for this gentleman, her husband, in which she's still married, for him to get a green card to obtain permanent residence. And one of the many questions that she responded to was, have you ever filed a petition for any other person before? And she incorrectly marked the no box. She was prosecuted for that. She was sent to prison for that. Ms. Samuels is here this morning. At the trial, the defense lawyer, the trial attorney, argued that the checking of the wrong box was not purposeful or willful or with knowledge. In any event, it wasn't material. Well, how do we know it wasn't willful or knowledge? Well, as part of her petition for her current husband, Ms. Samuels fully disclosed her prior marriage. She included his name, Exhibit 1, Page 1, Exhibit 1, Page 5, Exhibit 1, Page 6, Page 7, Exhibit 1, Page 42 and 44, all dealing with this second marriage. And the government states, well, she didn't want the immigration office to scrutinize that second marriage. Well, that's not true. And that's not true by all the times that she disclosed that she was previously married. What she didn't know was that even though he obtained no benefit from getting a green card or visa, that is considered being a filed case. What do you mean he didn't? Well, the second husband never obtained any benefit from that petition. He didn't get the green card? Did not. Okay. And it wasn't because the marriage was not valid. It was because the couple had divorced. So she disclosed. Well, here's my difficulty with the case. Yes. In order to be material, misrepresentation has to be capable of influencing the decision. What decision is involved in the decision to grant the petition of the I-130? Is that the decision? The decision to give a green card. And what was the government's theory? Well, the materiality has to go to the current case. Whether the current marriage that Ms. Samuels is in currently, is that a legitimate marriage or is it a fraudulent marriage? But what's at issue here is, correct me if I'm wrong, the petition, the I-130 petition. So it's got to be that decision, doesn't it? Yes, it has to be. The decision being made for it to be material has to be on the current marriage. Is this current marriage a legitimate marriage? And at the trial, the immigration officer said, well, if I would have known about the marriage 18 years ago, I would have investigated it and if I would have determined that it was a fake marriage, then Ms. Samuels can never petition for anyone else again. And that was just completely wrong. But in fact... Well, counsel, on materiality, I'm sure that was wrong, but I'm not sure that's what he meant. Because what if the marriage to Mr. Samuels was found to be invalid because the investigation prompted by disclosure of the prior I-130, plus some strange facts involving Mr. Darrow in the Caribbean, persuaded CIS that the defendant did this repeatedly and therefore this marriage was not valid, I-130 denied. Well, that's evidence not in the record. That's not what the immigration... I haven't even read the record. I've just read the briefs. Everything I just said is in or inferable from the briefs. I respectfully disagree, Your Honor. The immigration officer at the trial and the district court explicitly relied on was that his testimony, the officer's testimony was, well, if I would have found out about the prior marriage, that could have led me to find it was fraudulent, which would have denied Ms. Samuels any future petitions. No, no, no. It would have denied this I-130. If he said future, that was a mistake. An investigation that showed that this was a marriage which had as its motivation the evasion of the immigration laws results in the I-130 being denied. But there was no evidence of the current marriage being evasive about the... No, no, no. of someone in the Caribbean who the defendant then admitted that she had fed dollars to, all of that could lead to a conclusion by the agency that this was an American citizen who was routinely involved in helping Caribbean would-be immigrants get to this country by marrying them repeatedly. That would be a perfectly valid basis to deny this I-130. It might not, that decision might not hold up on appeal, but the agency could be prompted to conclude that. That, to me, is the obvious materiality, is the answer to the materiality question of what could have been enforced. Well, the obvious materiality in our mind was what the officer testified to. And it's not just what the officer testified to. The district court relied on, when she denied the post-trial motion for judgment of acquittal, the district court at page 3 and 4 of her ruling, quote, the additional investigation is necessary to determine if the prior petition involved a fraudulent relationship between the petitioner and alien, in which case the instant form would be barred. What, in fact, was the state of that brief marriage? The instant petition was approved. They're still married today. So that's the focus of our inquiry. It's the current petition. I'm sorry? It would not have led to anything that would have undermined the petition. Is that what you're saying? Absolutely not. Look at the exhibits that were filed in support of the marriage. That's what I understand that. I just wanted to make sure that everybody understood that. Well, I didn't. I really didn't understand the government to be contending that this answer or this false answer, incorrect answer, would determine the outcome or that the outcome would have been any difference, rather that the answer was capable of influencing the outcome. An answer, a correct answer, would have prompted the government to do something, to do some further investigation. And that's the nature of materiality that I understood the government to be alleging. What do you say to that? Well, I'd invite the court to look at that Kunzges case, the Supreme Court Kunzges case. I can't hear that. You just cited something. I didn't hear it. It's cited by, in each of the briefs, Kunzges v. United States 485. Okay. And that case, I mean, is directly on point as to what the government has to show to prove materiality. And they have to show four things that's set forth in the case. I'm out of time. You can answer. I'll give you some more time. Go ahead. In Kunzges, the Supreme Court stated that there are four things that the government has to show for materiality, that the person must have misrepresented or concealed a fact, the misrepresentation or concealment must have been willful, the fact must have been material, and that the person procured the benefit as a result of the misrepresentation. So let's assume that the government looked into these things, but that still the inquiry is the current marriage, and there's no evidence. But wasn't the Kunzges a denaturalization case? It was. So there you do have to show that there was a benefit because they're trying to take that benefit away. This is not that kind of case. This case isn't brought under that statute. It's brought under another statute. It's an immigration case, and I think — I know, but this case merely requires a material misrepresentation. Correct, Your Honor. It doesn't really require a benefit. Denaturalization cases do, by definition, right? Because a benefit was a denaturalization. Well, the cases, each of the cases that I cited from this court in my brief in dealing with this particular statute, those persons either obtained a benefit or made — stated that, you know, they're in my brief. But there was some — the inquiry is the current case. And if the immigration officer had any belief that all of the evidence that Ms. Samuels presented in support of her application, the tax returns, the bills together, the lease together, the taking of Mr. Samuels' last name, all of those showed of her good-faith marriage and the fact that three years later they're still married, all of those show that she had a good-faith marriage to Mr. Samuels. Let me state back off the facts. Let me just put it this way. Would an intentional misrepresentation intended to prevent or keep the agency from investigating your past so that it had to focus on your great evidence of the bona fides of what you're doing today, would that be a material misrepresentation capable of influencing the decision? The statute upon which I believe the ICE or the — I think that's the yes or no question. You had asked if there was an investigation into the prior marriage, would that have affected — No, no, no. No. You want me to repeat it? Yes, please. Would an intentional misrepresentation intended to discourage or prevent the agency from investigating your past so that it could only concentrate on the apparent bona fides of what you're doing today, satisfy the materiality requirement? I don't know. I'm sorry I can't give you a yes or no. I just don't know. In reading the Kunges case, it has to be material to the current proceeding. I'm sorry, I can't clearly answer that. Thank you, Your Honors. Thank you, Counsel. You may proceed. May it please the Court, I am Dan Tweed representing the United States in this matter. In Kunges, as the Court said, it was dealing with the removal of a benefit. We don't have that issue here. We have to say whether or not this petition is valid. And the decision is based on this petition. Now, the question is, in this case — And so its materiality, in your view, has to go to the question of whether to grant the I-130. It is, right, the I-130. But in regard to that, there's a specific question. Have you ever filed this before? I just want to make sure I want to know what decision we're talking about. Okay. To grant the petition. Right. Now, in that petition, there's a question. Have you ever filed a petition for an alien or relative benefit before? They want to know when, where, and the result. Yeah, I understand. They want to know the result. You want to go look and see. And you want to go look and see. But if you went to look and see in this case, what would you have found? You would have found that there was a petition filed in 1997 that it was approved, and for some reason this woman had a divorce shortly after the end of the petition. Why the divorce was there, we don't know. Was it because it was a fraudulent marriage? We don't know. But at the time it was approved, they had a marriage in 1997 that was approved. That petition was approved. That's what you want to find out. You want to find out if there's a serial filer. We have someone who has a marriage and a quick divorce. Would that have affected this petition? Would it have been granted anyway? We don't know. But the thing is, whether or not it's granted doesn't determine materiality. This court has said, in a case that is not in the brief, it's U.S. v. Hirani, 824 F. 3rd, 741, at page 749, I believe, 8th Circuit, 2016. And it was dealing with the denial of the benefit in conjus. But in that case, they said that basically a misrepresentation has a tendency of true, but a misrepresentation would have particularly disclosed other facts relevant to the application. And what was materially said? Material is that if you answer a certain way, it tends to shut off a line of inquiry. So when you say no, you're telling the examiner everything you need to know is in this petition. You don't need to go looking elsewhere. So it's a general materiality goes to the answer to the question being generally influential. Right. Not necessarily specific. It doesn't have to determine. You might still get the benefit. But the government or the immigration folks need to know, have you done this before? If they had known about the short marriage with the illegal alien or the alien relative, there's nothing in this I-130 filed in 2015 that tells us that the second husband was not a U.S. citizen, that he needed a petition to try and get benefits to get status here. And again, both the I-130 and the 485 both asked the petitioner, either the U.S. citizen or the alien who's trying to get status, have you ever filed these petitions before? Because they want to know the results. So you investigate the spouse, the U.S. citizen spouse, and you investigate the alien spouse to see if either one of them have done something in the past that would be relevant material for their examination, their review of the documentation. By cutting off that line of inquiry, this court has said if by cutting off the line of inquiry, that makes that a material thing. And again, it has the capability of influencing. So what's the citation of that? That is Hirani. You might want to give me the citation, and I ask you please to file a 28-J. Yes. It's H-I-R-A-N-I. It's 824 F. 3rd, 741. And I believe I'm citing page 749, 8th Circuit, 2016. A phrase capable of influencing a decision, according to your argument, doesn't mean that you necessarily would have discovered something that would have had an influence on the decision. You may still get the petition approved. Well, even if you don't get the petition approved, it doesn't even have to have had an influence on the decision in the sense of. . . And some of the cases I cite in the government's brief talk about not having an impact on the ultimate decision. You may know it's a false statement, but you make a false statement. Does the government have to be confused in a 1001 prosecution that someone lied to the government? But your position seems to be that so long as the answer affected the government's investigation in some way or another, that's enough. And that's enough to make it material. How do you make the leap from that proposition to the general proposition that you have to show that it was capable of influencing the decision? Well, this shows that it did influence capable because you don't have a chunk of information. It might have influenced it? It might have influenced it. That's all that's required for it being capable of influencing? Right. Is that it? And as opposed to the Kunz's case, you don't have to show the denial of benefits. I understand. I said that. So you don't have to show the denial, but you can show it might influence the decision. Well, that's pretty tough. This doesn't seem. . . Well, I don't know. How many of these kinds of cases does the government bring for this kind of offense? It's an important question. If you don't want to answer it, you don't have to. I don't know what the statistics would be nationwide. I don't know. I have not studied that. Well, thank you. It's not relevant, really. I believe that this would show that it was a knowing statement. I'm sorry? It would also, for the first part of it, show that it was a knowing statement because she knew that she filed it, and one of the things they want to know about is the result, and she knew the result. In this case, do you agree that the outcome was not affected in the end? I don't know. I mean, when it was approved, the examiner didn't know it. It has never been resubmitted, let me put it that way. They don't know that it would have been the same or different. Well, I don't know. As the court pointed out before, we had the Danny DeRoe evidence, and I don't know if that would have been presented if it was reopened. The what evidence? The Danny DeRoe that the defendant's third husband's passport was found with somebody in another country trying to come into this country. That was pretty tough. So, I mean, I don't know what would happen if it were reopened, but I do know in 2015 it was approved based upon the limited information that was presented because they didn't have access or knowledge of the other petition. Thank you. Thank you. Does he have any time?  All right. Take a minute. Brief response as to whether this information from 18 years ago would have affected the current dispute. Are you arguing I can't hear anything? Yes. The question was by Judge Shepard, would the information that they know now have affected the current decision on the Miss Samuel's marriage petition? The officer testified at Miss Samuel's trial in May of 2016. We are here in September 2017. The couple is still married. Mr. Samuel still has his green card, still has his legal status. If that isn't overwhelming evidence that everything is valid in the marriage and Mr. Samuel's has his green card and there's been no attempt by the government to reopen anything, that is the best evidence. Secondly, getting back to Judge Loken's question to me, and Judge Loken noted that this Congess case is a case where the government was trying to take something away, and this case we're dealing here is when the government is trying to give something. The United States Supreme Court, a couple things. One, the false statement, quote, must be in some point material to the question in dispute. What's the question in dispute? What's in dispute in this case? Whether the current marriage is valid. That's what's in dispute. What's in dispute is the I-130. For the current marriage. And that's what she got prosecuted for. Secondly, Congess, the Supreme Court says on page 770 of their opinion, quote, while we have before us here a statute revoking citizenship, rather imposing criminal fine or imprisonment, material means material. And so the question is, well, does it make a difference that the government is trying to take something as opposed to give something? Material means material, according to the Supreme Court. Thank you, Your Honor. Thank you, Counselor. Thank you for your arguments. This case is submitted.